**FILED**
APR 8 2014 JH
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JUDGE KENNELLY
14 cv 1428

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE:
ANDROGEL PRODUCT
LIABILITY LITIGATION

MDL DOCKET NO. _____



## MOVANTS' MOTION FOR TRANSFER, COORDINATION, AND/OR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Movants[1] respectfully request transfer and coordination for pretrial purposes of all currently filed AndroGel product liability cases identified in the Schedule of Actions, as well as any cases subsequently filed involving similar facts or claims ("tag along cases") to the District Court for the Northern District of Illinois, Eastern Division. There are currently thirty-eight (38) filed cases pending in three (3) federal jurisdictions. Each case involves a person who suffered injury as a result of using AndroGel. AndroGel causes signature injuries, including heart attack, stroke, pulmonary embolism, deep vein thrombosis and thromboembolic events as a result from using AndroGel. Defendants Abbott Laboratories, Inc.

---

[1] Movants are the Plaintiffs in the following cases: *William Blades, et al. v. AbbVie Inc., et al.*, 1:14-cv-1471 (N.D. Ill.); *Gary Carpenter, et al. v. AbbVie Inc., et al.*, 1:14-cv-1472 (N.D. Ill.); *Robert Cripe v. AbbVie Inc., et al.*, 1:14-cv-843 (N.D. Ill.); *Thomas Dobbs v. AbbVie Inc., et al.*, 1:14-cv-1474 (N.D. Ill.); *Roger Gibby, et al. v. AbbVie Inc., et al.*, 1:14-cv-917; *Michael Gordon, et al. v. AbbVie Inc., et al.*, 1:14-cv-1478 (N.D. Ill.); *Joseph Hardee, et al. v. AbbVie Inc., et al.*, 1:14-cv-918 (N.D. Ill.); *Thomas Headley v. AbbVie Inc., et al.*, 1:14-cv-1475 (N.D. Ill.); *Christopher Hughes, et al. v. AbbVie Inc., et al.*, 1:14-cv-1476 (N.D. Ill.); *Buddy Humphries, et al. v. AbbVie Inc., et al.*, 1:14-cv-1473 (N.D. Ill.); *William Jackson, et al. v. AbbVie Inc., et al.*, 1:14-cv-1477 (N.D. Ill.); *Joseph Jones, et al. v. AbbVie Inc., et al.*, 1:14-cv-1479 (N.D. Ill.); *Mark King, et al. v. AbbVie Inc., et al.*, 1:14-cv-1480 (N.D. Ill.); *Calvin Lewis, et al. v. AbbVie, Inc., et al.*, 1:15-cv-1480 (N.D. Ill.); *Robert Saylor, et al., v. AbbVie Inc., et al.*, 1:14-cv-1482 (N.D. Ill).

and AbbVie Inc. (the "AbbVie Defendants") designed, manufactured, supplied, marketed, promoted and/or sold AndroGel.

Transfer for pretrial consolidation and coordination is proper and necessary for the following reasons:

1. Pursuant to 28 U.S.C. § 1407, "when civil actions involving one or more common questions of fact are pending in different districts," the Judicial Panel on Multidistrict Litigation is empowered to transfer the actions "to any district court for coordinated or consolidated pretrial proceedings" in the event the Panel determines a transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of [the] actions."

2. These actions allege numerous causes of action relating to the use of the defective drug AndroGel, manufactured by the AbbVie Defendants. The claims include, but are not limited to, failure to warn, design defect, manufacturing defect, breach of warranty, and claims associated with conduct that imposes liability associated with the marketing and sales of AndroGel.

3. There are currently thirty-eight (38) actions pending in three (3) district courts that assert similar claims. Upon information and belief, Counsel for Movants anticipate hundreds of additional complaints will be filed in the near future and that thousands of cases exist.

4. In each action, the plaintiff used AndroGel, which caused a signature injury: stroke, heart attack, pulmonary embolism, deep vein thrombosis or thromboembolic event.

5. Each of these actions arise out of the same or similar nucleus of operative facts, and all arise out of the same or similar alleged wrongful conduct.

6. Each of these actions will involve the resolution of the same or similar questions of fact and law, as they all arise from the AbbVie Defendants' same or similar wrongful conduct.

7.  Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and promote judicial efficiency. In particular, centralization will allow the parties to coordinate document discovery and to coordinate a single set of depositions of key witnesses.

8.  Movants request that these cases be centralized in the Northern District of Illinois, Eastern Division, before Judge Matthew F. Kennelly. Judge Kennelly is currently presiding or will shortly be assigned to preside over thirty-six (36) of the thirty-eight (38) AndroGel actions pending nationwide and over all of the AndroGel actions pending in the Northern District of Illinois. Further, the principal places of business for Defendants Abbott Laboratories, Inc. and AbbVie Inc. are located in the Northern District of Illinois.

WHREFORE, Movants respectfully request that the actions noted on the accompanying Schedule of Actions be transferred to the Northern District of Illinois, Eastern Division for consolidation and coordinated proceedings.

Dated: March 28, 2014

Respectfully Submitted,

*/s/ Ronald E. Johnson, Jr.*
SCHACHTER, HENDY & JOHNSON, PSC
Ronald E. Johnson, Jr.
Sarah N. Lynch
909 Wright's Summit Parkway #210
Ft. Wright, Kentucky 41011
Telephone: (859) 578-4444
rjohnson@pschachter.com
slynch@pschachter.com

**THE LYON FIRM**
Joseph M. Lyon
22 West 9th
Cincinnati, Ohio 45202
Telephone: (513) 381-2333
jlyon@theylyonfirm.com

*Schachter Hendy & Johnson, P.S.C. is Counsel for Movants William Blades, Catherine Blades, Gary Carpenter, Nancy Carpenter, Buddy Humphries*

*Schachter Hendy & Johnson P.S.C. and the Lyon Firm are Jointly Counsel for Movants Roger Cripe, Thomas Dobbs, Robert Gibby, Angela Gibby, Michael Gordon, Laurie Gordon, Joseph Hardee, Rebecca Hardee, Thomas Headley, Christopher Hughes, Judy Hughes, William Jackson, Cathy Jackson, Joseph Jones, Donna Jones, Mark King, Shannon King, Calvin Lewis, Patricia Lewis, Robert Saylor, and Cecile Saylor*